Ms. Hegelberg Good morning, your honors and may it please the court. My name is Erika Hegelberg and together with Ms. Evangeline Abriel I'm here today as counsel for petitioner, Ms. Vanessa Rodas I'd like to reserve two minutes for rebuttal Ms. Rodas was the unfortunate recipient of substandard work from her prior counsel, who failed to present evidence, including evidence of her brother's asylum grant, failed to know the nature of the proceedings on the day of her merits hearing, and who filed an inadequate brief to the BIA that made little mention of law, let alone the specific findings of the IJ Today this court is reviewing two cases, her original appeal following the BIA's adoption and affirmation of the IJ's opinion, and her appeal of the BIA's denial of her motion to reopen for ineffective assistance of counsel I'd like to highlight a few points from each of these cases today First, regarding her motion to reopen The BIA erred when it failed to consider all facts under the appropriate diligence standard, and it erred when it failed to consider each of Ms. Rodas' six claims of ineffectiveness independently And second, with regard to her merits hearing, the IJ erred when it denied Ms. Rodas' motion to continue, having only considered its own convenience, and subsequently the BIA erred when it adopted and affirmed the IJ's error Okay, so tell us why, when the BIA said that you should have been aware, and in fact she was aware of the error dealing with her brother's asylum claim, that that was not sufficient to show that she had a lack of due diligence Yes, Your Honor, under this court's standards, noted in the Vigon, there's two ways that diligence is counted First, when the non-citizen is aware of fraud or error, and second, when the non-citizen is not Ms. Rodas could not have been aware of the errors in her case, and the BIA ignores significant evidence that demonstrates this Well, you would concede she should have been aware of the errors given that her brother received asylum on the same claim So she should have known at that point that something was wrong with her attorney's presentation of her claim No, Your Honor, she doesn't actually know the reason for her brother's asylum grant Brian's grant was through USCIS, which offers only a notice of asylum, but doesn't offer a rationale You can see this in his grant letter in the record at page 164 But were the reasons for the grant, I thought it was the same reasons, that she applied and her brother applied Didn't they provide the same reasons for the asylum? No, Your Honor, they did not provide the same reasons While they have a shared history, and they share the same history, that is factual There's a stark contrast between Brian's application and Ms. Rodas' application Brian's application lists both harm from the gangs and history of child abuse Whereas Ms. Rodas' application only lists harm from the gangs So we don't know the basis for the USCIS' decision any more than the Board does She didn't present the child abuse in her petition? Her asylum application does not mention child abuse Her application is found in the record at page 739 Well, then isn't that the problem? Her brother presented the child abuse and hers didn't Isn't that a glaring problem that she should have tracked down? No, Your Honor So our argument here today is that Ms. Rodas could not have known Because she was told over and over by her attorney beginning in 2016 with her asylum application That child abuse was irrelevant in her claim because she was no longer a minor She had no reason to suspect that that wasn't true Well, except for the fact that her brother received asylum and he included child abuse So that might have put her on notice or flagged the issue that something was wrong here Yes, Your Honor However, her brother was 11 at the time of entry and I believe 12 when the grant came through So he was still a minor So the idea that child abuse was relevant to him because he was a minor Prevented her from seeing that child abuse was relevant to her because she was no longer a minor As her counsel repeatedly told her Additionally, the Board failed to assess diligence for each of Ms. Rodas' six claims of ineffectiveness Instead, it measured diligence solely from this principal alleged error that we've been discussing Each of Ms. Rodas' six claims stands alone as sufficient grounds for reopening And should have been considered separately The Board even agrees with this by noting that there were errors And these errors were, quote, would be difficult for a non-attorney to discover Of particular concern Well, you know, it's a deference standard, right? I mean, discretionary standard whether or not they reopen So why is it abusive discretion to say, well, there's this glaring issue with, you know, your brother's claim And that should have given you notice to start, you know, to conduct due diligence And so, therefore, you should have then, at that point, if you did do that, you would have discovered all these other errors That doesn't seem unreasonable Why is that unreasonable? Your Honor, in Evagion, there were two separate claims of ineffective assistance Which were treated separately Because they stem from different errors, different forms of errors And so we're arguing here that Ms. Rodas has presented six forms of errors And that diligence should be counted from each of them independently As it was done in Evagion But if she dug in on one of the issues, wouldn't she have discovered the other issues? Not necessarily, Your Honor And certainly not necessarily with regard to the issues on appeal The issues on appeal are of particular concern Because those would be very difficult for a non-attorney to discover To know what does competence look like for an appellate brief Is it three and a half pages with one legal citation? Or is it something else? She wouldn't have known that The Board itself notes the deficiencies of the appellate brief Well, I think what the Board was saying It was thinking, like, well, given the problem with the first claim She should have hired a different lawyer And then dug in on all the other issues And then that would have discovered all these other issues that you're talking about Yes, Your Honor, I understand the argument However, I don't think that because counsel made one error That that alone should have necessitated her to review everything And look at everything with scrutiny She had an attorney that had won asylum for her brother Had the same facts They had worked together through the representation Ms. Rodos had also testified for him at his hearing before USCIS She believed in his ability because she saw it in action Further, some of these events are things that even though she was there for She couldn't possibly have understood Such as the miscalendering That was the difference between a merits hearing and a master calendar hearing Is legal jargon So much so that the government explains it in a footnote to this Court In its brief on page 53 If we agreed with you that the BIA should have looked at each individual claim Before declining to reopen But we agree that there is a sufficient reason to deny the claim Based off of the brother's asylum petition Would you then go back to the BIA And just argue for the five other problems Would you be precluded from re-raising the brother's asylum claim? Should this Court affirm the BIA's finding with respect to Brian's asylum grant Yes, we would go back to the Board And ask them to look at these other five claims Because they do stand as sufficient grounds independently Did you want to save some for rebuttal? Yes, Your Honor Thank you We'll hear from the government Good morning, Your Honors May it please the Court This is Dana Camilleri for the Attorney General We ask that this Court deny the consolidated petitions for review With respect to her asylum and withholding of removal applications There are a number of dispositive findings Any one of which resolves that petition for review First, the past harm amounted to unfulfilled verbal threats Which does not rise to the level of persecution She did not identify a cognizable particular social group Or identify a political opinion She also failed to demonstrate that the Salvadoran government Would be unable or unwilling to protect her Particularly given the fact that her cousin, who she is afraid of Was convicted and imprisoned at the time of her merits hearing And finally, she did not show that it would be unreasonable For her to relocate within El Salvador In order to avoid harm For the second petition for review The ineffective assistance of counsel claim The diligence finding is dispositive over that So what is the standard on that? These are sad situations where You don't disagree that counsel is ineffective I would only be speculating to be honest with you Because as Petitioner's Counsel just pointed out Her brother was a minor And he was in completely different proceedings before USCIS It's simply not the same as an adult Appearing before an immigration judge What is the difference on the legality of that? As an unaccompanied minor He has a number of different safeguards Procedural safeguards And USCIS is a different process And she was over 18 when she came in? She's an adult The Petitioners are the adult and her child Doesn't that count against you then? And then it makes it more reasonable for her To suspect that her attorney's failure To bring up the child abuse in her petition Her application Was not relevant Given that her brother was still a minor It may very well not have been relevant Because she's not someone who's going to return To the custody of her aunt and uncle As opposed to her brother My understanding But the whole point though is that As I see the BIA's decision Is that she should have known That something was wrong with her attorney's Advocacy for her Because her brother included These allegations of child abuse But hers didn't And her brother was successful So at that point She should have started investigating If her attorney was acting inefficiently Ineffectively I believe the Board is drawing a little bit Finding that the February 2019 Denial of her application Not the grant of her brother's In 2017 started to run the clock I mean at minimum Well wait But I thought it would be The grant of the brothers Because the whole point was Well you should have known That it was deficient Because the brothers Her proceedings were still ongoing There hadn't been a decision Oh the brothers was decided first Yes in 2017 Right and then hers was denied In February 2019 And then she knew But as I understand the BIA's point Is like well she should have known That at that point That he alleged a different type of harm Than she did And so therefore she should have been Digging in And that should have flagged the issue So that kicks in the duty For due diligence But if you're conceding that Child abuse is different For an adult and a minor Then maybe you wouldn't Flag the issue for her And kick in the need for due diligence Well she certainly is aware That her claim has not been granted And that she Something has gone wrong Well that can't be right Just because your claim is denied It doesn't mean that it requires You to start You know the due diligence To figure out if your attorney Has been ineffective There's got to be something more I think the concern here is What the BIA relied on Doesn't necessarily hold water I mean it does seem like You could say Well wait I mean you knew that he Filed a three page brief Nothing's changed about that I mean that seems You can't just say Well you filed a three page brief I knew you filed a three page brief I didn't realize until five years later That was out of the ordinary That seems a little I mean you had the facts before you But that's not what the BIA relied on They relied on the fact that The brother's claim had been granted And hers was denied I mean Is there more that the BIA relied on? I believe the BIA relied on Her affidavit saying that She knew something was wrong in 2019 And so that's why They determined the clock Should be running from there And she didn't detail anything Any steps that she took Between 2019 and 2024 Do you happen to have The ER number for Or the CAR number for her affidavit? It did I do recall it saying That she knew something was wrong Pretty early I believe I do Unfortunately my iPad with the record That's okay If you don't have Then don't worry about it I'm sorry You had it handy I think it's in the brief Okay well then let's move Even if the BIA acted reasonably On the brother's basis It is weird to then impute that To all these other unrelated errors Why is that proper? It wasn't that they're imputing it They're simply saying They're not even reaching that Because there wasn't diligence In pursuing her rights At the time that she should have known To start digging And that something was wrong But if you know something's wrong On one issue That doesn't necessarily let you know That there's something wrong On other issues So that's what I That's what the disconnect seems odd I think the board Did not look at those other issues Because they decided it Purely on diligence Yeah but diligence on the brother's claim Not on the you know Failure to I forget what the other issues are Failure to find Seek continuance And other issues Well they did seek the continuance And he was able to File all the documentary evidence So that there's all You know The record contains His response Her prior counsel's response And her affidavit Are there any other questions for me? Thank you Thank you Your honors I'd first like to point out That the record The page that you're looking for Is AR 109 Thank you So yeah If you want to look to that I thought she pretty clearly said She knew something was wrong At that point Pretty early on Your honor Awareness that She disagreed with the approach Or that she wanted to Expand the approach Is not the same as her knowing The legal significance Of the omission And the significance of the omission here Is glaring Had he presented evidence Of her childhood abuse That would have opened the door To humanitarian asylum For which she could have been eligible Based on the severity Of the past harm She experienced as a child And that would have been viewed From the standpoint And the perspective Of a child receiving those harms Those harms included Being made to sleep in a barn with pigs Treated as a household servant Was beaten multiple times a week And watched her brother She returned from school Multiple times To find her tiny brother Covered in welts From being hit with a belt Her uncle sexually abused her For the first time at 10 Her aunt, even after she moved out Her aunt would come over uninvited To hit her She would drag her down the street By the hair Her uncle continued to solicit And catcall her When she was out on the street And when she was 16 and pregnant Her uncle drove his car at her Each of these things Would have amounted to persecution And enabled her to Seek humanitarian asylum Well but evidence I thought that evidence Was presented I'm Maybe I'm missing something I thought that evidence Was presented Your honor That evidence presented Only on our motion to reopen It was completely missing From her From the IJ And the IJ had no reason To know that her brother Even had received An asylum grant Let alone that her brother Had you know Been the recipient Of this harmful Childhood abuse He had simply no reason To question it It wasn't presented to him And those are the errors Of her attorney That she could not Have discovered Until she met With current counsel Which was appointed Because she was diligent In pursuing relief Thank you your honors Okay Thank you Thank you to both counsel For your arguments in the case Thank you particularly To the Petitioner You She's got an adequate representation We always love it When the law students Come in and And are helpful To the court So thank you Congratulations The case is now submitted
judges: Hamilton, NELSON, BUMATAY